# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK WOOD, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 18-2621-CM-GEB |
| LEARJET, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On June 13, 2019, the Court held a Scheduling Conference. Plaintiffs appeared through counsel, Amy L. Coopman. Defendants appeared through counsel, Forrest T. Rhodes, Jr. After discussing scheduling of the case, the Court considered Defendants' Motion for Determination of Place of Trial (**ECF No. 17**) and related briefing (Mem. in Support, ECF No. 18; Response, ECF No. 19; Reply, ECF No. 21). After reviewing the written briefs, hearing arguments from counsel, and discussing the same, the Court **GRANTED** Defendants' Motion during the Scheduling Conference. The previously-announced ruling of the Court is now memorialized below.

I.  **Background[1]**

This is a putative collective action initiated by two former aerospace engineers—Mark Wood and Dennis Parr—who worked at the Wichita Bombardier Flight Test Center.

---

[1] The information in this section is taken from the Complaint and Answer (ECF Nos. 1 and 13) and the parties' Planning Report and briefs. This background information should not be construed as judicial findings or factual determinations.

1

Mr. Wood and Mr. Parr bring this lawsuit on behalf of themselves and others similarly situated under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34, against their former joint employers, Defendants Learjet, Inc. and Bombardier Inc., challenging their terminations from employment.

Plaintiffs generally claim Defendants instituted new management in February 2015 which set about to reduce the average age of the Bombardier Flight Test Center's engineering workforce. Plaintiffs allege the new management introduced a work assignment program which set up older workers to fail. Plaintiff Parr was a 63-year-old aerospace engineer who had been with the company for approximately 25 years when he was terminated in May 2016. Plaintiff Wood was terminated in August 2016 at the age of 59. Both Parr and Wood filed complaints of discrimination with the Equal Employment Opportunity Commission on behalf of themselves and all others similarly situated. Plaintiff Wood also claims he was retaliated against for complaining about age discrimination.

Defendants deny targeting older workers for termination based upon their age, and claim all terminations occurred for legitimate, nondiscriminatory and nonretaliatory reasons.

Plaintiffs seek to certify this matter as a collective action, and the parties agreed to a phased discovery plan, with initial discovery focusing on pre-certification issues. (*See* Scheduling Order, ECF No. 25.)

**II.     Defendants' Motion for Determination of Place of Trial (ECF No. 17)**

Upon filing their Complaint, Plaintiffs designated Kansas City, Kansas as the place of trial. (ECF No. 2). On May 6, 2019, Defendants filed the subject Motion for Determination of Place of Trial, seeking to move the trial to Wichita. (ECF No. 17)

Defendants contend there is no connection to Kansas City with any employment actions at issue in this case, and the balance of relevant factors overwhelmingly favor trial in Wichita. Plaintiffs acknowledge, except for potential witnesses who are or were employed at Defendant Bombardier's corporate headquarters in Montreal, Quebec, Canada, all parties and the vast majority of witnesses in this case, including Plaintiffs, live in or near Wichita, Kansas, and the events leading to the lawsuit took place in Wichita. Plaintiffs concede "if convenience and accessibility of witnesses were the only measure of where to hold a trial, Wichita is certainly the place to try this case." (ECF No. 19.) But Plaintiffs' primary concern is whether a potentially large pool of plaintiffs could get a fair trial in Wichita, where Defendants employ more than 2,000 people. Plaintiffs are legitimately concerned many in the jury pool likely have friends or family members who work or have relationships with Learjet or Bombardier.

When determining the place of trial, the relevant factors to consider are: (1) Plaintiffs' choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.[2] When

---

[2] *Bright v. BHCMC, LLC,* No. 17-2529-JWL-GEB, 2018 WL 398450, at *2 (D. Kan. Jan. 12, 2018) (discussing D. Kan. Rule 40.2(e) and factors relevant to a 28 U.S.C. § 1404(a) motion for

3

"the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[3]

The Court applies all relevant factors in its analysis. Regarding the first factor, Plaintiffs live in Wichita. Additionally, the only real connection to Kansas City is it is the location of Plaintiffs' counsel. Although the Court accepts Plaintiffs' explanation that their selection of Kansas City was truly borne of concern for fairness, and not due to counsel's location, pursuant to authority in this District, Plaintiffs' residence outside their chosen forum gives their choice reduced weight.[4] And though counsel argued Plaintiffs' selection of forum should actually be given greater weight in a case such as this, where Plaintiffs' consciously-chosen forum is actually less convenient for themselves, neither Plaintiffs nor this Court located authority to support their innovative argument. At best, this factor is neutral.

The second and third factors point to Wichita being the appropriate place for trial. In fact, Plaintiffs concede all parties are located in Wichita, the events occurred in Wichita, and a vast majority of the fact witnesses are in Wichita.

Despite this, Plaintiffs contend the Court should place greater weight on fairness (the fourth factor) under these facts, and the convenience factor (the fifth factor) should be

---

change of venue) (citing *Lopez-Aguirre v. Bd. of Cnty. Comm'rs of Shawnee Cnty., KS*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014); *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007)).
[3] *Id*. (citing *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007)).
[4] *Id.* at *3 (citing *Cook v. Atchison, Topeka & Santa Fe Ry. Co*., 816 F. Supp. 667, 669 (D. Kan. 1993)).

considered equal, since Plaintiffs and Defendants equally would incur expenses to travel to Kansas City. But Plaintiffs provide no authority for their claim that fairness should be given greater weight, and provide no persuasive evidence to support their claim that Wichita would not provide a fair trial.

Defendants correctly claim similar arguments regarding large Wichita employers have been repeatedly rejected, even with respect to much larger employers. Defendants rely on multiple cases where large and prominent Wichita employers were sued, with trials taking place in Wichita.[5] Courts in the District of Kansas have "consistently held that Plaintiffs who bring an employment action against a Wichita-based employer can get a fair trial in Wichita and that concerns to the contrary may be adequately addressed during voir dire."[6] Therefore, the fourth factor is, at best, neutral because a fair trial could be obtained in either location. Although Plaintiffs are willing to incur higher expenses for travel and other increased expenses for a Kansas City trial, Plaintiffs ignore the additional cost and burden on not only Defendants but on non-party witnesses. Therefore, considerations which make a trial easy and economical weigh in favor of a trial in Wichita.

---

[5] Defs.' Reply, ECF No. 21 at 2 (citing, substantially, the cases described *infra* note 6).
[6] *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *4 n.3 (D. Kan. June 26, 2007). *See also McIntosh v. City of Wichita*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *3 (D. Kan. Apr. 14, 2015) (finding the argument that a plaintiff may not receive a fair trial in Wichita because a Wichita jury would consist of Wichita taxpayers is nothing more than speculation); *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 U.S. Dist. LEXIS 29185, at *6-7 (D. Kan. Apr. 19, 2007) (finding a fair trial could be had in Wichita, despite the popularity of the Wichita State University's men's basketball team); *Baker v. Via Christi Reg'l Med. Cnt.*, No. 06-2168-KHV, 2007 WL 913925, at *2 (D. Kan. Mar. 23, 2007) (finding a fair trial could be had against Via Christi Regional Medical Center in Wichita, and any concerns may be addressed during voir dire of prospective jurors);.*Aramburu v. Boeing Co*., 896 F. Supp. 1063, 1065 (D. Kan. 1995) (rejecting "plaintiff's contention that he will have more difficulty finding a fair and impartial jury in Wichita" in a case involving Boeing).

As described here, all of the relevant factors either point to a trial in Wichita, or are neutral to the analysis. Based on the above, the Court **GRANTS** Defendants' request for Wichita, Kansas to be the designated place of trial.

**IT IS THEREFORE ORDERED** that the trial of this matter take place in Wichita, Kansas.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of June, 2019.

            s/ Gwynne E. Birzer
            GWYNNE E. BIRZER
            United States Magistrate Judge