IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK WOOD AND DENNIS PARR, on behalf of themselves and all others similarly situated,

*Plaintiffs,*

vs.

LEARJET, INC. AND BOMBARDIER, INC.,

*Defendants.*

Case No. 18-2621-EFM-GEB

**MEMORANDUM AND ORDER**

Plaintiffs Mark Wood and Dennis Parr, on behalf of themselves and all others similarly situated, bring a claim against Defendants Learjet, Inc., and Bombardier, Inc., under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. They claim that Defendants engaged in a pattern and practice of age discrimination culminating in their terminations. On June 9, 2021, the Court certified a collective action. Defendants are now before the Court seeking clarification or partial reconsideration of that Order and seeking certification for an interlocutory appeal (Doc. 72). For the reasons stated below, the Court denies Defendants' motion.

## I.   Factual and Procedural Background

Plaintiffs were employed as aerospace engineers by Defendants.  They allege that Defendants developed a plan or program to reduce the average age of the Bombardier Flight Test Center ("BFTC")'s engineering workforce.  In late 2015 or early 2016, employees began noticing that older, highly-experienced engineers and engineering contractors were being demoted or dismissed and their positions filled with individuals in their 20s or 30s.

The parties agreed to a phased discovery plan with the initial phase to focus on pre-certification issues.  After that discovery ended, Plaintiffs sought conditional certification of a collective class.  This Court granted Plaintiffs' request, and Defendants now seek clarification or reconsideration of the certified collective class.  In addition, Defendants seek leave to file an interlocutory appeal.

## II.   Motion to Reconsider

### A.   Legal Standard

District of Kansas Rule 7.3(b) governs motions to reconsider non-dispositive orders. Under that rule, a party may seek reconsideration on the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[1]  It is within the Court's discretion whether to grant or deny a motion for reconsideration.[2]  A motion for reconsideration is not a vehicle for the losing party to rehash arguments previously considered and rejected.[3]  "The party moving for

---

[1] D. Kan. R. 7.3(b).

[2] *Classic Commc'ns, Inc. v. Rural Tel. Serv. Co.*, 180 F.R.D. 397, 399 (D. Kan. 1998) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988)).

[3] *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

reconsideration has the 'burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.' "[4] "It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally."[5] A motion to reconsider should also not be used "as a second chance when a party has failed to present its strongest case in the first instance."[6]

**B.     Discussion**

Defendants seek clarification of the collective class definition, or in the alternative, reconsideration of the definition. The parties previously disagreed as to how to define the collective class. Plaintiffs sought certification of a collective of persons employed in the engineering organization of the BFTC in Wichita, Kansas. Defendants proposed the collective of employees in the engineering and designer job families at the BFTC in Wichita. At the hearing, the Court questioned the parties at length about the proposed definitions. Ultimately, after hearing the parties' arguments, the Court certified a collective of "non-bargaining unit personnel employed in the Bombardier Flight Test Center in Wichita, Kansas on April 2, 2016, and whose employment thereafter ended, and were forty years of age or older at the time their employment ended. The Court finds it unnecessary to clarify or reconsider its definition as the parties' arguments were already thoroughly discussed during the hearing, and the Court believes

---

[4] *Classic Commc'ns*, 180 F.R.D. at 399 (quoting *Mackey v. IBP, Inc.*, 1996 WL 417513, at *2 (D. Kan. 1996)).

[5] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004) (citation omitted).

[6] *Id.* (citation omitted).

the collective definition sufficiently addresses the parties' proposals. Accordingly, the Court denies this request.

### III.     Motion for Interlocutory Appeal

#### A.     Legal Standard

The court of appeals may hear appeals from all final decisions of the district courts of the United States and certain interlocutory orders involving injunctions, appointing receivers, and determining rights in admiralty cases.[7] With regard to other interlocutory orders, a district judge may certify an interlocutory order when he is of the opinion that (1) such order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[8] The Court retains discretion to certify an interlocutory order for appeal under § 1292(b).[9] Such certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action."[10]

#### B.     Discussion

Defendants request that the Court certify two questions to the Tenth Circuit Court of Appeals: (1) the governing legal standard for deciding a motion for conditional class certification, and (2) the standard for a forward-looking temporal scope for proposed collective actions when a pattern-or-practice claim is alleged. Plaintiffs contend that the Tenth Circuit has

---

[7] *See* 28 U.S.C. §§ 1291, 1292(a).

[8] *See id.* § 1292(b).

[9] *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995).

[10] *Menefee v. Werholtz*, 2009 WL 949134, at *1 (D. Kan. 2009) (quoting *Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994)).

already settled the standard for conditional class certification and thus there is no question for it to answer.  Next, Plaintiffs assert that the timeliness of the opt-in Plaintiffs' claims is a defense specific to each Plaintiff and not a matter for interlocutory appeal.

As to the first question, Defendants previously argued that the Court should employ an intermediate standard of review because the parties had completed a phase of pre-certification discovery.  The Court rejected the argument as Defendants did not provide the Court with any persuasive authority that the Court should employ such an approach, and numerous cases from the District of Kansas had already rejected a heightened standard of review even though the parties had engaged in a two-phase discovery plan.  Specifically, in one case, Judge Lungstrum "decline[d] to apply an intermediate level of scrutiny in the absence of any suggestion from the Tenth Circuit that an examination of the specific issues in this case that might weigh against certification can occur at any stage short of summary judgment proceedings or final certification."[11]  The Court's previous reasoning still stands, and this question simply does not meet the standard for interlocutory appeal.

As to Defendants' second question, the Court also declines to certify it for interlocutory review.  Defendants assert that a ruling by the Tenth Circuit as to the forward-looking temporal scope of the proposed collective is a controlling issue of law and that there is substantial ground for difference of opinion.[12]  However, as previously noted, Defendants' affirmative defense

---

[11] *In re Bank of Am. Wage & Hour Empl. Litig.*, 286 F.R.D. 572, 577 (D. Kan. 2012); *see also Nelson v. Firebirds of Overland Park, LLC*, 2018 WL 3023195, at *5 (D. Kan. 2018) (rejecting "the invitation to bypass the first-stage certification standard in this case in favor of an intermediate level of scrutiny") (collecting cases).

[12] Defendants note that the Supreme Court declined, and the Tenth Circuit likewise has repeatedly declined, to opine how the continuing violation doctrine works with regard to pattern and practice claims.  District courts are frequently in the position of attempting to ascertain unsettled questions of law.  The fact that the law is uncertain does not make the issue appropriate for interlocutory appeal.

arguments and the factual distinctions between the named Plaintiffs and potential opt-in Plaintiffs are more appropriately directed toward the second stage of certification or a dispositive motion once the opt-in period has closed and the putative plaintiffs have opted into the class. Accordingly, the Court declines to certify this issue for interlocutory appeal.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Clarification/Partial Reconsideration and for Certification for Interlocutory Appeal and Stay (Doc. 72) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of August, 2021.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE